UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

MICHAEL COLSTON,

v.                                                    Case No. 8:03-cr-208-T-17TGW
                                                              8:09-cv-2614-T-17TGW
UNITED STATES OF AMERICA.

---

## ORDER

This cause is before the Court on Defendant Michael Colston's timely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. CV-1) and Colston's supplemental authority filed in support of his motion. Colston alleges that his sentence was improperly enhanced based upon a finding by the District Court that he was a career offender under the sentencing guidelines. Colston's supplemental authority is *Gilbert v. United States*, ___ F.3d ___, No. 09-12513, 2010 WL 2473560 (11th Cir., July 1, 2010).

In *Gilbert*, the Eleventh Circuit held that *Gilbert* was actually innocent of being a career offender and thus was entitled to habeas relief pursuant to the 28 U.S.C. § 2255 savings clause. In order to reach this conclusion, the Eleventh Circuit found that *Begay v. United States*, 533 U.S. 137 (2008) and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) were retroactive. However, the *Gilbert* Court is holding the mandate. *Gilbert v. United States*, ___ F.3d ___, No. 09-12513, 2010 WL 2612358 (11th Cir., July 1, 2010), so the opinion is not final.

Colston also argues that he is innocent of being a career offender. However, Colston's section 2255 motion to vacate is time-barred, and this Court will **deny** Colston's 28 U.S.C. § 2255 motion to vacate as time-barred. If the present *Gilbert* opinion becomes binding precedent in this circuit, Colston may utilize the remedy set forth in *Gilbert* to pursue his claims.

## A. Procedural Background

On May 29, 2003, Michael Germaine Colston was charged in a four-count-indictment. Count One charged him with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C) and 846. Count Two charged him with conspiracy to possess with intent to distribute 3,4 methylene-dioxymethmphetamine, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C) and 846. Count Three charged him with attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (a)(1). Count Four charged him with attempting to possess with intent to distribute 3,4 methylene-dioxymethmphetamine, in violation of 21 U.S.C. § 841 (a)(1). Doc. CR-1. After entering into a plea agreement with the United States (Doc. CR-35), Colston plead guilty to Count Two of the Indictment. Doc. CR-39. This Court accepted Colston's guilty plea and adjudicated him guilty on December 18, 2003. Doc. CR-43.

On June 18, 2004, this Court conducted Colston's sentencing hearing, during which the Court determined Colston's sentencing guidelines offense level pursuant to the career offender provision, USSG §4B1.1 Doc. CR-64. The Court sentenced Colston as a career offender to 151 months' imprisonment, to be followed by 36 months' supervised release, and ordered him to pay a special assessment of $100. Docs. CR-65. The Court entered the final judgment on June 22, 2004. Docs. CR-36.

On December 28, 2009, Colston filed a Motion To Vacate under 28 U.S.C. § 2255. Doc. CV-1. On March 11, 2010, Colston filed a Motion requesting leave To Amend and/or Supplemental Section 2255 petition in light of *Johnson v. United States*, 130 S.Ct. 1265 (2010).

Doc. CV-6. On March 16, 2010, this Court issued an order denying Colston's motion to amend or supplement his motion.

Doc. CV-7. On March 24, 2010, Colston filed a motion for reconsideration asking this Court to reconsider its March 16, 2010 order denying his motion to amend his motion to vacate. Doc. CV-8. On March 29, 2010, this Court issued an order denying Colston's motion for reconsideration. Doc. CV-9.

### B. Facts

On May 13, 2003, Colston negotiated with a confidential source (CS) to purchase 2000 MDMA pills and a quarter kilogram of cocaine. Colston agreed to meet the CS on the following day to complete the deal. PSR ¶ 12.

On May 14, 2003, Colston met the CS at an agreed upon location; co-defendant, Pretesha Hixon, accompanied Colston in a separate car to act as a lookout. Colston showed the CS $9,980 in cash, which Colston intended to offer as a partial payment for the MDMA pills and the cocaine. The CS acknowledged the cash, and police officers waiting nearby moved into the area to arrest Colston. PSR ¶ 13.

When Colston observed the police officers, he fled in his car at a high rate of speed, colliding with a marked police vehicle on his way out of the parking lot. During the ensuing high speed chase, Colston ran stop signs and drove southbound on a northbound road. He eventually collided with two civilian vehicles. The second collision disabled his own car. Colston attempted to flee on foot, but officers ultimately apprehended and arrested him. PSR ¶ 14.

Colston plead guilty to Count Two of the Indictment pursuant to a plea agreement in which he waived the right to collaterally attack his sentence. The plea agreement reads:

> The Defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines **and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground**, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. §3742(a).

Doc. CR-35 at 12 (emphasis added).

On March 10, 2004, the United States Probation Office addressed three objections to the Presentence Investigation Report (PSR). The first objection challenged the inclusion of cocaine to calculate his base offense level arguing that he did not plead guilty to the cocaine offense. The Court overruled the objection. The second objection challenged the calculation of career offender status. The court overruled the objection. The third objection challenged his criminal history category. The court overruled the objection. PSR Addendum (March 10, 2004). Doc. CR-65. (Government's Exhibit 2 – p. 6 , line 25 through p 14, line 8).

On June 17, 2004 Colston filed a motion for downward departure pursuant to U.S.S.G. §5K2.0 asserting that he was deserving of downward consideration due to unusually harsh

pretrial incarceration conditions. Doc. CR-63. The Court denied Colston's motion for downward departure. (Government's Exhibit 2- p. 38, lines 13-16). Colston did not file a direct appeal from his conviction or sentence.

On December 29, 2009, Colston filed the present 28 U.S.C. § 2255 motion to vacate, correct, or set aside sentence. Doc. CV-1.

## COLSTON'S MOTION IS TIME-BARRED

Colston's motion to vacate is time-barred. Cases require both a preliminary review of the motion to vacate and a summary dismissal "if it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief...." Accord *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (The summary dismissal of a Section 2255 motion was proper "because in this case the record, uncontradicted by defendant, shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of §2255 allows the District Court to summarily dismiss the motion and notify the movant if "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.").

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final...." 28 U.S.C. § 2255. Colston pleaded guilty pursuant to a plea agreement. Doc. CR-35. Colston was sentenced and judgment was entered June 22, 2004. Doc. CR-36. Colston filed no appeal. For purposes of calculating the one-year statute of limitation, the conviction was final on July 7, 2005, which is ten days after entry of the judgment, excluding weekends and holidays as required by then Rule 26(a)(2), Federal Rules of Appellate Procedure. See *Adams v. United*

*States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Consequently, Colston's limitation expired one year later in July 2006. His motion is not timely, and must be dismissed. See *Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (affirming Eleventh Circuit's decision that untimely § 2255 motion was barred).

Accordingly, the Court orders:

Colston's motion to vacate is denied as time-barred. The Clerk is directed to enter judgment against Colston and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue.... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because

Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 20th, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Maria Chapa Lopez
Michael Colston